FILED & JUDGMENT ENTERED
Steven T. Salata

August  16  2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte Division

In re:

BK Racing, LLC,

Debtor.

Case Number: 18-30241

Chapter 11

## ORDER GRANTING TRUSTEE'S APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE

This matter came before the Court on the *Trustee's Application for Allowance of Administrative Expense* (the "Application") brought by Matthew W. Smith, the chapter 11 trustee in the above-captioned case (the "Trustee"), through counsel, on July 13, 2018. (D.E. 152). In the Application, the Trustee requested entry of an Order allowing Race Engines Plus, LLC ("REP") a $10,000.00 administrative expense claim pursuant to 11 U.S.C. § 503 as a means of reimbursing REP for funding the Trustee's retention of Mark McArdle ("McArdle") as a race operations consultant. It appears that notice of the Application was proper, and no objections to the Application were filed. The Court, having reviewed the Application and the record in this case, finds and concludes as follows:

1

1.     On February 15, 2018 (the "Petition Date"), BK Racing, LLC (the "Debtor") filed for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), initiating the above-referenced bankruptcy case.

2.     The Trustee was appointed as the Debtor's chapter 11 trustee pursuant to an Order entered on March 30, 2018 (D.E. 87).

3.     The Court has jurisdiction to determine the Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested in the Application is § 503 of the Code.

4.     The Debtor is in the business of operating a NASCAR-chartered, Monster Energy cup series race team.

5.     Since the trustee's appointment, the Debtor has operated pursuant to this Court's Orders regarding the use of cash collateral in connection with the purported liens of Union Bank & Trust and the Internal Revenue Service (the "Secured Creditors").

6.     REP provides post-petition engine set and engine tuning services for the Debtor pursuant to an *Engine Lease Agreement* (the "REP Lease") in exchange for weekly payments of either $35,000.00 or $28,000.00, depending on whether the engine for the prior week's race was "sealed" or not. The Debtor's weekly payments to REP are reflected in the Debtor's cash collateral budget.

7.     Upon the recommendation of REP, the Trustee entered into negotiations with McArdle regarding the Trustee's potential retention of McArdle as a race operations consultant. In the ordinary course of the Debtor's affairs, the Trustee negotiated and executed a *Race*

*Operations Consulting Agreement* with McArdle, which provides that the Debtor will pay McArdle $10,000.00 for various consulting services.

8.     Because the Debtor's cash collateral budget is not sufficient to cover $10,000.00 in consulting fees, REP agreed to reduce REP's next installment payment due under the REP Lease by $10,000.00 to facilitate McArdle's retention (the "REP Advance").

9.     The Application was brought pursuant to § 503 of the Code, which provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . [including] the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Through the Application, the Trustee sought an Order allowing him to reimburse REP for the REP Advance once sufficient cash becomes available.

10.    Given the circumstances presented by this case, the Court has determined that it would be in the best interests of the Debtor and its creditors to allow the Application. Accordingly, to the extent that unencumbered funds become available, the Trustee is authorized to reimburse REP a total of $10,000.00 for the REP Advance, with any payments toward the $10,000.00 administrative claim to be made at the Trustee's discretion depending on the Debtor's overall cash position; *provided, however*, nothing in this Order shall be construed or interpreted as modifying or superseding any provision of, or impairing or prejudicing the rights and remedies of the Secured Creditors under, (a) any of the Court's Orders authorizing the limited use of cash collateral (including, without limitation, those at D.E. 50, D.E. 141 and D.E. 174), including, without limitation, those provisions restricting the Trustee's use of cash collateral and granting the Secured Creditors replacement liens and super-priority claims under § 507(b) of the Code, or (b) any of the Court's Orders concerning the sale of the Debtor's NASCAR charter and the Debtor's other assets (including the Order at D.E. 172).

IT IS, THEREFORE, ORDERED that (a) REP is allowed an administrative expense claim of $10,000.00 as reimbursement for the REP Advance; and (b) subject to the provisos in paragraph 10 above, the Trustee is authorized to pay REP $10,000.00 in satisfaction of REP's administrative expense claim using unencumbered estate funds, as they become available, with any payments toward the $10,000.00 administrative claim to be made at the Trustee's discretion depending on the Debtor's overall cash position.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court