FILED & JUDGMENT ENTERED
Steven T. Salata

June 10 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **BK Racing, LLC,** | ) | Chapter 11 |
| | ) | Case No.: 18-30241 |
| Debtor. | ) | |

## ORDER DENYING AMENDED REQUEST FOR PROTECTIVE ORDER AND DENYING AMENDED WRITTEN OBJECTIONS TO SUBPOENA

**THIS MATTER** is before the Court on Ronald C. Devine's ("Devine") *pro se* Amended Request for Protective Order from Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) (Docket no. 307) (the "Amended Request for Protective Order") and Amended Written Objections to Subpoena to Produce Documents and Affidavit of Ronald C. Devine (Docket no. 308) (the "Amended Objection to Subpoena" and together with the Request for Protective Order, the "Objections").

The Objections purportedly seek to object to the subpoena issued by the Trustee upon Devine. In fact, the Objections include a subpoena issued to Devine as an attachment. While the Objections properly note the "100-mile rule" provided for in Rule 45 of the Federal Rules of Civil Procedure, it appears that Devine is likely unaware of the split in case law regarding this rule. With respect to subpoenas commanding the production of documents, many courts take the position that "Rule 45(c)(2)(A)'s 100-mile boundary does not apply where. . . the subpoenaed person is not instructed to also appear at the production location along with the requested

documents." *CresCom Bank v. Terry*, 269 F. Supp. 708, 713 (D.S.C. 2017) (citing *Perez v. Kazu Constr., LLC*, No. CV 16-00077 ACK-KSC, 2017 WL 628455, at *12 (D. Haw. Feb. 15, 2017); *United States v. Brown*, 223 F.Supp.3d 697, 703 (N.D. Ohio 2016); *Trahan v. Sandoz Inc.*, No. 3:13-CV-350-J-34MCR, 2014 WL 12628614, at *3 (M.D. Fla. July 23, 2014); *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, No. 13CV1395-GPC BLM, 2014 WL 3573400, at *4 (S.D. Cal. July 18, 2014); *Walker v. Ctr. for Food Safety,* 667 F.Supp.2d 133, 138 (D.D.C. 2009)). Here, all of the documents requested of Devine—copies of federal tax returns, copies of financial statements, lists of family trusts, copies of federal tax returns for any family trusts, lists of ownership interests in several entities, and lists of ownership interests in other entities—can be produced by mail. Thus, the 100-mile rule is inapplicable.

Furthermore, despite the fact that Devine purports to object solely to the subpoena issued upon him, the majority of the objections are targeted towards subpoenas issued on entities and individuals other than himself. For instance, the Amended Objection to Subpoena states that the subpoenas require "5 years of employees on role, unlimited years of contracts and loan records between companies, and more." As noted above, the subpoena issued on Devine requested none of those documents. The Amended Request for Protective Order goes on to say that in line "7 item. . . the Trustee requires years of bank records, financial statements, tax returns, information on ALL employees from every company. . . and even ownership details from each company." However, the attached subpoena, issued to Devine, does not contain the abovementioned line item 7. Furthermore, the Amended Objection to Subpoena states that the subpoenas are "an unreasonable request and an undue burden and expense placed on the Debtor and me. . . ." It is obvious from the Objections that Devine is once again attempting to represent the legal interests of others in this bankruptcy case. He has been told on numerous occasions that he can only represent himself.[1] Yet, he continues to ignore this Court's instruction. See Docket no. 300.

Devine also argues that the Trustee must prove that the subpoenas are necessary and justified. The Objections state that "the Trustee should have to set forth details of what he claims

---

[1] N.C.G.S. § 84-4 mandates that only licensed attorneys may "appear as attorney. . . in any action or proceeding before any judicial body. . . to maintain, conduct, or defend the same, except in his own behalf as a party thereto. . . ." Similarly, this Court's Local Rule 2090-1 requires that "[a]ll partnerships, corporations, limited liability companies, trusts, associations, and other business entities that appear in cases or proceedings before this Court, . . . must be represented by a lawyer duly admitted to practice before this Court." In this context, "appearance" includes "preparing and filing papers, such as complaints and answers, petitions, applications, and motions; questioning witnesses in proceedings before the Court; and pursuing any action in this Court." Local Rule 2090-1(a).

2

as a basis for any transfer(s) as being improper or fraudulent in order that I can direct my document search to any claimed improper transfer(s)." The Objections go on to say that "[t]he Trustee's overreaching subpoena lacks any factual support to burden this individual with this enormous and expensive undertaking." Given that Devine is mostly objecting to the information sought from other entities, it again appears that Devine has confused himself, as an individual, with other entities. It also appears that Devine fails to understand the role of a Chapter 11 trustee. The trustee is charged with investigating the debtor's financial affairs, especially with respect to insiders and management. And, a Rule 2004 Examination, by definition, is a fishing expedition. See Fed. R. Bankr. P. Rule 2004. Even under Rule 45, the standard for subpoenas is whether the information sought will lead to admissible evidence. Here, the information sought is relevant to the Trustee's investigation of the Debtor's financial affairs.

Given the foregoing, the Court **DENIES** the Objections. Devine and the subpoenaed entities shall have **10 DAYS** from entry of this Order to comply with the subpoenas.

**SO ORDERED**.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court