UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

FILED
U.S. Bankruptcy Court
of NC

JAN 21 2020

Steven T. Salata, Clerk
Charlotte Division
JLB

In Re:                )

BK Racing, LLC        )       Case No. 18-30241

Debtor                )       Chapter 11

## OBJECTION TO TRUSTEE'S PLAN AND DISCLOSURE STATEMENT

This matter came before the Court on a shortened notice on December 16, 2019 in connection with the Trustee's Plan of Liquidation filed on December 13, 2019.

The Disclosure statement was approved on a conditional basis only.

January 21, 2020 was fixed as the last day for accepting or rejecting the Plan.

<u>January 21, 2020 was fixed as the last day for filing written objections to the Plan.</u>

The Disclosure Statement is deficient in many ways, but the most obvious is the lack of explanation to the Employee's class and an explanation that they would be required to be paid in full BEFORE any plan can be confirmed, unless they agree to a lesser amount. The employee class has clearly been misled and the disclosure statement should be amended to reflect the actual rights of the Employee class.

This argument is supported by 11 U.S.C./ 1129(a)(9)(b) and Wage claims fall under 507(a)(4).

The Plan is overreaching with regard to the Atlantic Union Bank (AUB) release. AUB was the reason BK Racing entered into Bankruptcy and has been the driving force behind this entire process. The Court may recall the current Trustee was also AUB's selection to be the appointed Receiver. During this two year process, it was AUB that continued to force the many issues that led the expedited FAILED sale process and the devaluing of BK Racing's true market value. Now, and in conjunction with "their" trustee, AUB seeks a complete release. AUB has entered into numerous irresponsible acts, both inside and outside these

Bankruptcy proceedings and should not be allowed to escape any responsibility they may have by burying a "release" inside of a liquidation plan. AUB should be required to stand responsible for their irresponsible behavior and not be released from their actions. This Plan does not require a release of the AUB to be confirmed and it is simply another example of AUB overreaching and attempting to take advantage of a compromised situation they themselves created.

This release objection is supported by the case Nat'l Heritage Fndn v. Highbourne Foundation, 760 F.3d 344 (4th Cir.2014)

I will object to the Plan.

## CONCLUSION

Require the Trustee to modify the Disclosure statement to honestly reflect the Employee's rights to be paid in full before a plan can be confirmed. Thus allowing them the rights and understanding to decide the proper distribution of the funds.

Remove AUB from the release language shown on P11, paragraph E. subparagraph 5, <u>Releases.</u> Remove AUB for All language pertaining to the Release of AUB, including p24, EXHIBIT A, <u>ARTICLE X,</u> subparagraph 10.5 <u>EXCULPATION</u>, and p.25, EXHIBIT A, subparagraph 10.8 <u>SECURED CREDITOR RELEASE.</u> Lastly, remove AUB from any of area of the Disclosure and Plan where any release language could be construed as effecting AUB's responsibilities inside and outside of this Bankruptcy.

Respectfully submitted this 20th day of December, 2020.

By Ronald C. Devine, Pro Se

6403 Burke Woods Ct.

Burke VA, 22015

rdevine@arfoods.com

703 801-9650