## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## Charlotte Division

| | |
|---|---|
| In re:<br><br>**BK Racing, LLC**,<br><br>Debtor. | Case Number: 18-30241<br><br>Chapter 11 |

### REQUEST TO DESIGNATE RONALD C. DEVINE UNDER § 1126(e)

Matthew W. Smith (the "Trustee"), the duly-appointed chapter 11 trustee in the above-captioned bankruptcy case (this "Case") for the debtor, BK Racing, LLC (the "Debtor"), by and through counsel, hereby presents this *Request to Designate Ronald C. Devine Under § 1126(e)* and respectfully shows the following in support:

#### INTRODUCTION

1. The only purported creditor to cast a vote rejecting the Trustee's proposed chapter 11 plan (the "Plan") was the Debtor's former principal, Ronald C. Devine ("Devine").

2. The Trustee believes that maximizing Devine's recovery on any unsecured claim that Devine may have against the Debtor's estate played no role in Devine's decision to reject the Plan. Rather, the Trustee suspects that Devine's efforts to thwart the Plan are designed to delay, derail, or otherwise impair impending litigation that the Trustee intends to pursue against Devine and certain persons and entities affiliated with Devine (collectively, the "Devine Affiliates").

#### JURISDICTION AND BACKGROUND

3. On February 15, 2018 (the "Petition Date"), the Debtor initiated this Case by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code").

4. On March 30, 2018, upon the request of Atlantic Union Bank f/k/a Union Bank & Trust (the "Bank") and without objection from the IRS, the Court entered an Order appointing the Trustee in this Case (D.E. 87).

5. The Court has jurisdiction over this request pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is § 1126(e) of the Code.

## FACTS

6. On August 3, 2018, Devine filed proof of claim number 44 in this Case, asserting a $15,000,000.00 secured claim against the Debtor's estate (the "Devine Claim"). In support, the Devine Claim attaches apparent loan documents between the Debtor and Virginia Racers Group, LLC ("VRG"). For all intents and purposes, the Devine Claim, or any other claim that Devine may have against the Debtor's bankruptcy estate, would be an unsecured claim as there are senior liens in favor of the Bank and the IRS that vastly exceed the value of all estate property.

7. The Devine Claim attaches no documents evidencing a debt owed by the Debtor in favor of Devine, personally, nor does the Devine Claim provide any proof of the amounts extended by VRG under the purported $15,000,000 future advances line of credit arrangement.

8. The Trustee has serious doubts concerning the allowability of the Devine Claim, including, without limitation, the amount of the claim, who the proper holder of the claim may be, whether the purported consideration actually reflects a debt rather than equity, and what offsets and defenses the estate may have to any such claims.

9. Indeed, the Trustee intends to pursue millions of dollars' worth of prima facie avoidance claims against Devine and the Devine Affiliates prior to February 15, 2020, the two-

year anniversary of the Petition Date. Accordingly, the Devine Claim may very well be blocked by § 502(d) of the Code unless and until Devine reimburses the Debtor's estate for the transfers that the Trustee avers are avoidable.

10. On January 20, 2020, Devine emailed the Trustee's counsel a ballot rejecting the Plan, listing a claim amount of $17,000,000.00 (the "Devine Ballot").

11. In addition, on January 21, 2020, Devine filed his *Objection to Trustee's Plan and Disclosure Statement* (D.E. 385) (the "Devine Objection"), arguing primarily that: (a) the Trustee's disclosure statement in connection with the Plan failed to adequately inform holders of priority wage claims of the plan treatment guaranteed through § 1129(a)(9)(B) of the Code; and (b) that the Plan provides the Debtor's secured lender with too broad of a release.

12. The Devine Objection offers no alternative to the Plan. Therefore, Devine is, at least implicitly, advocating for the conversion or dismissal of this Case, which would be very harmful to general unsecured creditors' prospects of being paid on their claims.

13. Upon information and belief, the true motive of the Devine Ballot is to delay, derail, or otherwise impair any claims that the Trustee would otherwise bring against Devine and the Devine Affiliates after Plan confirmation.

## RELIEF REQUESTED

14. The Trustee seeks entry of an order designating Devine under § 1126(e) of the Code as an entity whose vote on the Plan was not in good faith.

## BASIS FOR RELIEF REQUESTED

15. Section 1126(c) of the Code provides that the Court should not consider votes cast by entities designated under § 1126(e) in determining whether a class of creditors has accepted or rejected a plan. 11 U.S.C. § 1126(c). Section 1126(e) of the Code provides that "[o]n request

3

of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith." 11 U.S.C. § 1126(e).

### ARGUMENT

16. The § 546 deadline for filing many of the claims that the Debtor's estate has against Devine and the Devine Affiliates is less than a month away. There are no competing plans or other alternatives to the Plan that have been presented in this Case. Therefore, if the Plan is not confirmed, the only way forward appears to be conversion or dismissal.

17. If this Case is dismissed, then many of the claims against Devine and the Devine Affiliates existing on the Petition Date or created on the Petition Date would be lost.

18. If this Case is converted, then it is unlikely that the chapter 7 trustee will be able to mobilize quickly enough to file all of the claims against Devine and the Devine Affiliates by the § 546 deadline, and, thus, many of the claims against Devine and the Devine Affiliates existing on the Petition Date or created on the Petition Date would be lost.

19. There is no financial benefit to general unsecured creditors if this Case is converted or dismissed. While the prospects of payment for general unsecured creditors under the Plan may be bleak, the alternatives are worse. This is evidenced by the fact that literally every other unsecured creditor who cast a vote on the Plan voted to accept the Plan. The Devine Ballot was not cast for the purpose of maximizing a recovery on the Devine Claim.

20. Indeed, the Devine Objection raises two issues with the Plan, one that Devine does not have standing to assert and the other based on a mistake of fact.

21. First, the Devine Objection complains that the disclosure statement failed to adequately inform priority wage claimants (*i.e.*, the substantial number and amount of claims

based on Devine's pre-petition refusal to pay his own employees) of the plan treatment guaranteed by § 1129(a)(9)(B) of the Code.

22. Although the Trustee disagrees that the disclosure statement fails to sufficiently apprise the employee-creditors of their rights and treatment under the Plan, Devine lacks standing to assert arguments on behalf of the Debtor's former employees under Article III of the Constitution and the more narrowly drawn standards governing standing in bankruptcy cases because he has no direct pecuniary interest in distributions to priority wage claimants. *See*, *Childress v. City of Richmond*, 134 F.3d 1205, 1208-09 (4th Cir. 1998) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)(in order to have Article III standing , a litigant "'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties.'"); *White v. Univision of Val. Inc. (In re Urban Broad. Corp.)*, 401 F.3d 236, 243 (4th Cir. 2005) (discussing standing requirements and the direct pecuniary interest test for bankruptcy standing).

23. Second, the Devine Objection argues that the Plan contains an impermissible release of the Bank under *National Heritage Foundation, Inc. v. Highbourne Foundation*, 760 F.3d 344 (4th Cir. 2014). However, the Plan contains no third-party releases of the Bank that would implicate the *National Heritage* analysis.

24. Therefore, the Devine Objection is premised exclusively on one issue that Devine has no standing to raise and another issue based on a mistaken reading of the Plan. This is further evidence that the Devine Ballot was not cast in the financial interest of the Devine Claim, but rather is being raised for an ulterior motive.

**WHEREFORE**, the Trustee prays that the Court will enter an Order designating Devine under § 1126(e) as an entity that cast a ballot in bad faith and granting such other relief as is just and proper.

This, the 22d day of January, 2020.

>  */s/ Michael L. Martinez*
> Michael L. Martinez (N.C. State Bar No. 39885)
> Grier Wright Martinez, PA
> 521 East Morehead Street, Suite 440
> Charlotte, North Carolina 28202
> Telephone: 704/375.3720; Fax: 704/332.0215
> mmartinez@grierlaw.com
>
> *Attorneys for the Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

In re:

**BK Racing, LLC**,

Debtor.

Case Number: 18-30241

Chapter 11

## NOTICE OF HEARING

TAKE NOTICE that, on **Tuesday, January 28, 2020, at 9:30 A.M. in Bankruptcy Courtroom 1-4 in the United States Courthouse, 401 West Trade Street, Charlotte, North Carolina**, this Court will conduct a hearing on the Trustee's *Request to Designate Ronald C. Devine Under § 1126(e)* (the "Request") filed in the above-referenced bankruptcy case. The Request seeks to designate Ronald C. Devine under § 1126(e) of the Bankruptcy Code as an entity whose vote on the plan was not in good faith. A copy of the Request is available from the undersigned or from the Bankruptcy Court's web site at http://www.ncwb.uscourts.gov/.

Your rights may be affected. You should read this Notice carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF REQUESTED OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE REQUEST, THEN YOU OR YOUR ATTORNEY SHOULD ATTEND THIS HEARING AT 9:30 A.M. ON TUESDAY, JANUARY 28, 2020, IN BANKRUPTCY COURTROOM 1-4 IN THE UNITED STATES COURTHOUSE, 401 W. TRADE STREET, CHARLOTTE, N.C.

This, the 22d day of January, 2020.

*/s/ Michael L. Martinez*
Michael L. Martinez (N.C. State Bar No. 39885)
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
Telephone: 704/375.3720; Fax: 704/332.0215
mmartinez@grierlaw.com

*Attorneys for the Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division**

In re:

**BK Racing, LLC**,

Debtor.

Case Number: 18-30241

Chapter 11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that copies of the foregoing *Motion for Recovery of Costs Incurred in Preserving and Disposing of Collateral* and corresponding *Notice of Hearing* were served on those parties requesting notice in this case and the Bankruptcy Administrator via ECF and on the following parties as addressed and indicated below, either by: email or first class mail.

Ronald C. Devine
6320 Augusta Dr., Ste. 1500
Springfield, VA 22150
*Via U.S. Mail*

Ronald C. Devine
6403 Burke Woods Court
Burke, VA 22015
*Via U.S. Mail*

Ronald C. Devine
*rdevine@arfoods.com*
*Via email*

Stacy C. Cordes
122 Cherokee Rd., Ste. 1
Charlotte, NC 28207
scordes@burtcordeslaw.com
*Attorneys for VRG, LLC*
*Via email, ECF, and U.S. mail*

This is the 22d day of January, 2020.

/s/ Michael L. Martinez
Michael L. Martinez
Grier Wright Martinez, PA
521 East Morehead Street, Suite 440
Charlotte, North Carolina 28202
704/375.3720 (Phone); 704/332.0215 (Fax)
mmartinez@grierlaw.com